### SNYDER v BOARD OF PARK COMM'RS

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11802.  Decided July 22, 1931

ROSS, PJ, HAMILTON and CUSHING, JJ, (1st Dist), sitting.

Cline & Patterson, for Snyder.
Locher, Green & Woods, for Board of Park Commissioners.

ends may create parks, parkways, forest reservations and other reservations and afforest, develop, improve, protect and promote the use of the same in such manner as the board may deem conducive to the general welfare. Such lands may be acquired by such board, on behalf of said district, by gift, or devise, by purchase or by appropriation* * *".

The resolution under which the Park Board seeks to appropriate the property in question was passed on Dec. 7, 1925. Sec. 1 of the resolution provides:

"It is deemed and declared necessary and said Board hereby declares its intention to appropriate to public use for the purpose of conserving the natural resources of the Cleveland Metropolitan Park District, by the creation of parks, parkways and other reservations of land, an estate and interest in fee simple in the following described premises to-wit: * * *"

Then follows a description of two parcels; the first parcel belonging to plaintiff and the second to her husband, Harry R. Snyder.

The lots of the plaintiff and her husband have a frontage of about 100 feet on West Lake Erie Road and extend approximately 580 to the shore line of Lake Erie. The Snyder property lies between two large parks, one of which belongs to the Metropolitan Park District in Cleveland. The park on the opposite side belongs to the Village of Bay.

Plaintiff contends that the Park Board to appropriate is limited to the purposes specifically named in §36 of Art 2 of the Constitution of Ohio. Under this proposition she offered proof to show that there were no natural resources or forest lands to be conserved, no timber, iron, coal, oil gas or other minerals, and no water, streams or lakes therein, and no waste, swamp or submerged lands.

It may well be doubted whether any constitutional provision was necessary to give authority to the legislature to enact valid legislation to provide for the conservation of natural resources. Whether or not such constitutional authority was necessary is of no moment, since the legislature has acted in the matter and made full and ample provisions for that purpose.

The constitutionality of these sections, §2976-1 to 2976-10i GC. was before the Supreme Court of Ohio in the case of McNab et al v Board of Park Commissioners of the Metropolitan Park District in Cleve-

HAMILTON, J.

It is claimed that the power of the Park Board is limited by §36 of Art 2 of the Ohio Constitution which provides among other things:

"Laws may also be passed to provide for converting into forest reserves such lands or parts of lands as have been or may be forfeited to the State and to authorize the acquiring of other lands for that purpose; also to provide for the conservation of the natural resources of the state, including streams, lakes, submerged and swamp lands and the development and regulation of water power and the formation of drainage and conservation districts; and to provide for the regulation of methods, of mining, weighing, measuring and marketing coal, oil, gas and all other minerals."

Under authority of §36 of Art 2, the legislature enacted §2976-1 to §2976-10i.

The power of acquisition by the Park Commissioners under the legislative enactment is found in §2976-7 which provides:

"Such board shall have power to acquire lands either within or without such district for conversion into forest reserves and for the conservation of the natural resources of the state, including streams, lakes, submerged and swamp lands, and to those

land, 108 Oh. St 497, and their constitutionality was upheld. In the McNab case the right of the Park Board to appropriate certain lands 'was the question and the case arose in the same manner as the case under consideration. Legal and constitutional questions were presented in that case on the facts as found by the report of the referee, appointed in the case. The referee's report contained certain findings of fact, which are pertinent in the case under consideration. The referee's report is in the opinion in the McNab case. Paragraphs 3, 5, 6, 7 are pertinent and in the light of the court's opinion based on these facts they are helpful in determining the case under consideration:

"3. The plans of the board of commissioners of the Cleveland metropolitan park district contemplate the improvement of land areas already acquired for park and recreational purposes and for such other uses as the same may be put to by the population of Cleveland, its suburbs and adjoining territory.

5. The facts do not show the defendant board and its members to be usurping the functions and powers of the board of county commissioners of Cuyahoga county, Ohio or that the funds collected through taxation are being expended for purposes other than in the conserving of natural resources.

6. The facts show that the Cleveland metropolitan park district, through its board of commissioners, is engaged in the conserving of natural resources through the creation of parks and parkways, the purpose of which is to afford to the people places for recreational and health purposes, and in preserving the natural beauty and scenery of the land areas owned by it and for all uses to which it can be put.

7. The weight of the testimony as adduced by expert witnesses as to what is meant by the phrase 'conservation of natural resources' shows that it is not limited to such subjects as land, water, forests and minerals nor does the testimony show that the National Congress of Conservation held at Washington, attempted to exclude other natural resources, or to the safeguarding of objects provided by nature, which could or should be used in an economic way, and for the production of pecuniary values, but it includes the acquiring of lands for park areas and the development thereof, the use, of which will contribute and be appropriate for the health and general welfare of the community and with those things which are found in nature that can be used to meet some human need."

On the claimed limitation under the constitution and the laws, the Supreme Court speaking through Judge Wanamaker, said:

"The language, 'laws may also be passed * * * to provide for the conservation of the natural resources of the state, including streams, lakes' etc., is so broad and comprehensive that any natural tract of land bearing a reasonable relation to these words is clearly comprehended within the terms of this constitutional amendment. Indeed it is difficult to view this language as a limitation because of the broad blanket power given the General Assembly of Ohio

The evidence adduced so nearly conforms to the facts as found in the report of the referee, paragraphs 3, 5, 6, 7, that it would be difficult indeed to distinguish the McNab case from the case under consideration.

In the instant case the property sought is a narrow strip of land between two major parks already established, one in the control of the Cleveland Park Board, the defendant in this case. This narrow strip the only privately owned piece of ground abutting Lake Erie between the parks and prevents the complete shore frontage of these parks. Counsel for plaintiff argues largely on the term "natural resources" in a limited sense, and claims that under the constitution the conservation of the natural resources of the state should likewise be considered.

It is argued in the brief that since there are no natural resources, such as timber, gas, oil, coal, minerals and no water, lakes streams and no swamp or submerged land that there are no natural resources to conserve. And there being no natural resources to conserve there is no power in the Park Board to take the land. All of these questions were before the court in the McNab case, in which the Supreme Court broadly upheld the right to take the property for park purposes.

The Supreme Court considered that natural resources are such resources as supply a human need and not limited to any particular class or kind.

Sec 2676-7 GC provides for the conservation of natural resources by the state and that the Park Board may create parks. The defendant Board of Park Commissioners created and established parks adjacent to the property in question. The section provides that the board may "improve, protect and promote the use of same in such manner as the board may deem conducive

54

the general welfare." The park board in its sound discretion has sought to attach to its already created park the narrow strip of land in question for the completion of its park system.

In the opinion in the McNab case the court stated:

"The usefulness or the serviceableness of public parks, with the necessary or appropriate driveways and boulevards, bears such a reasonable relation to the public health, recreation and welfare that to hold otherwise would be the sheerest nonsense."

In the final analysis it seems that the Supreme Court in the McNab case decided that the creation of parks for recreation purposes bears a reasonable relation to the public health, recreation and welfare; that in so doing it was conserving the natural resources of the state. This being true, the defendant Board of Park Commissioners in appropriating this strip of land adding it to its park system, eliminating the private ownership on the lake front, is conserving the natural resources of the state within the authorization of §36 of Art 2 of the Constitution and §2976-1 to §2976-10i GC. It is a conservation by the addition to the park system already established and it does constitute a conservation of the natural resources of the state when used in connection with the present established park.

As we understand the natural resources need not exist in the land sought to be appropriated itself. The taking of the land may in effect conserve the natural resources in other land, as in this case in the park already established.

It is argued that the resolution is insufficient under the decision in the case of City of Cinn v Vester, 281 U. S. 439. That was a case in which it was sought to appropriate excess property under the provision of §10 of Article 18 of the Ohio Constitution. The Supreme Court decided the case on the proposition that the resolution of necessity was insufficient to define the purpose for which the property was sought. That case furnishes no authority in the instant case for the reason that in this case the purpose sought is the conserving of the natural resources of the park district, creation of parks, parkway, etc. The resolution stated the purposes authorized under the constitution and the statute and we find no merit in the claim of insufficiency of the resolution. It appears from the reading of the brief that the plaintiff challenges the good faith of the Board in the appropriation for the purposes stated.

In the case of Emery v City of Toledo,

121 Oh St 257, p. 264 of the opinion, Marshall, CJ, states:

"This court, in Sargent v City of Cincinnati, 110 Oh St 444, 144 NE 132, followed P. C. C. & St. L. Ry. Co. v City of Greenville, 69 Oh St 487, 69 NE 976, in holding that in a proceeding to assess compensation for taking private property by a municipality for public use the only issue to be tried is the value of the property and further that the question of public need is a political question and not justiciable. This doctrine is universal."

It having been determined that the Board of Park Commissioners had the power under the constitution and laws to appropriate the property in question, it becomes a political question and is not justiceable. While in a case of gross abuse of discretion, a court of equity might intervene, under the facts in this case there is no such gross abuse of discretion shown as would justify the interposition of a court by way of injunction.

The injunction will be denied and the petition dismissed at the costs of plaintiff.

ROSS, PJ, and CUSHING, J, concur.